# Leader Publishing Company *v.* Campbell, Appellant.

*Appeals—Pending controversy—Appellate jurisdiction—Mandamus.*

1. The general rule is that the existence of an actual controversy is an essential requisite to appellate jurisdiction, and, therefore, if pending an appeal an event occurs which renders it impossible for the appellate court to grant any relief the appeal will be dismissed.

2. This rule applies to an appeal from an order awarding a writ of mandamus to compel the publication of the mercantile license list for the current year, where it appears that the list was published as commanded before the appeal was heard.

Argued Oct. 4, 1911.   Appeal, No. 5, April T., 1912, by defendant, from order of C. P. No. 2, Allegheny Co., July Term, 1911, No. 30, awarding writ of mandamus in case of Leader Publishing Company v. I. K. Campbell et al., County Commissioners.   Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ.   Affirmed.

Petition for mandamus to compel the county commissioners to publish the mercantile license list for the year 1911 in the Pittsburg Leader.   Before Haymaker, J.

*Error assigned* was in awarding mandamus.

*W. S. Dalzell*, with him *A. B. Hay*, for appellants.

*Wm. E. Schoyer*, with him *Lyon & Hunter*, for appellee.

Per Curiam, November 13, 1911:

This appeal is from a judgment on demurrer in favor of the plaintiff and awarding a peremptory writ of mandamus directing the defendants to publish the mercantile license list for the year 1911 in the Pittsburgh Leader. It is conceded by appellants' counsel that they published the list as commanded, and therefore we can enter no judgment that will affect the publication for the year in question, but they contend that the decision of the court

below: "has placed the law in such shape as to leave the commissioners in doubt as to their duties with each recurring year." They go on to say: "It is therefore a question of public importance that this court decide whether the act in question (Act of April 20, 1887, P. L. 60) imposes upon the commissioners a duty of a judicial or discretionary character, or one which must be decided upon the lines laid down in the decision of the court below." It is to be observed, however, that the mandamus related to the publication for the present year only, and it is contended by appellee's counsel that the questions argued have become purely academic. We are of opinion that this position is well taken. The general rule is that the existence of an actual controversy is an essential requisite to appellate jurisdiction, and, therefore, if pending an appeal, an event occurs which renders it impossible for the appellate court to grant any relief, the appeal will be dismissed. This rule has been applied in a variety of conditions, of which illustrations will be found in the cases cited in our opinion in Com. ex rel. v. Cairns, ante, p. 265, herewith filed. Applying the principles therein more fully discussed, we conclude that the appeal should be dismissed without costs to either party, leaving the questions argued by appellants' counsel open for consideration when it shall be necessary to decide them in an actual controversy.

The appeal is dismissed without costs to either party.